# Perkins *v.* Coray.

*Affidavit of defense—Scire facias to revive judgment—Payment.*

An affidavit of defense to a scire facias to revive a judgment is sufficient which avers that one of the two plaintiffs had been fully paid in his lifetime, and that the other plaintiff had secured from the deceased plaintiff's widow an assignment of the deceased's interest in the judgment without any consideration therefor, and as to the other plaintiff's own interest in the judgment the latter had converted to his own use a large number of securities specifically named, which the defendant had placed in his hands in trust, and that the securities so converted were greatly in excess of the amount of the judgment.

Argued April 9, 1900. Appeal, No. 244, Jan. T., 1899, by defendant, from order of C. P. Luzerne Co., Dec. T., 1896, No. 748, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of David Perkins and John S. Jenkins, now assigned to John S. Jenkins v. E. A. Coray. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias to revive judgment.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows:

The whole amount for which claim is made has been really paid; the share of David Perkins was fully settled with him in his lifetime; he has been dead upwards of three years past; last summer the said John S. Jenkins obtained from his widow and administratrix an assignment of her deceased husband's share of the judgment without recourse, and without the payment of any consideration therefor; and as to the share of John S. Jenkins he has had in his hands property and assets of mine, placed in his hands in trust, which he has converted to his own use, to an amount greatly in excess of the amount of his said judgment; and upon a just settlement he will be found greatly in debt to me, instead of my being in debt to him, as I verily believe.

The supplemental affidavit of defense was as follows:

In addition to the matters stated in my former affidavit of defense, I now specify, that of the property placed in the hands

of said John S. Jenkins, as my confidential agent and trustee, was the stock of the Spring Brook Railway Company which he converted to his own use, and thus appropriated property of mine which I valued at $100,000. I also purchased from one John Jermyn a coal property situate in Lackawanna county, for $75,000; upon this, the Rushbrook Coal Company was formed, the value of the property being represented by the stock of the said coal company, of this stock I placed in his hands 270 shares, of the value of $27,000; he has also converted this to his own use, and is endeavoring to defraud me of the same. When I discovered that he was thus acting in breach of the trust he had accepted for me, both as to the railroad company stock, and the coal company stock aforesaid, I at once demanded an account and settlement, which being refused I filed in said Lackawanna county a bill in equity against him to compel such account and settlement, which is still pending.

I have also placed in his hands other securities which he still holds, but of their value I cannot at this time fix the precise amount.

However, the aforesaid matters, herein specified, are much more than sufficient to overbalance the whole claim represented by this judgment, and I expect, as stated in my former affidavit, to show upon a legal investigation, that instead of my being indebted to him, he is largely indebted to me.

*Error assigned* was order making absolute a rule for judgment for want of a sufficient affidavit of defense.

*A. Ricketts,* for appellant, cited Kaufman v. Cooper Iron Mining Co., 105 Pa. 537; Thompson v. Clark, 56 Pa. 33; Noble v. Kreuzkamp, 111 Pa. 68; Reznor v. Supplee, 81 Pa. 180; Moore v. Smith, 81 Pa. 182; Twitchell v. McMurtrie, 77 Pa. 383.

*George S. Ferris,* with him *John S. Harding,* for appellees, cited Pittsburg, etc., Ry. Co. v. Marshall, 85 Pa. 187; Dowling v. McGregor, 91 Pa. 410; Wise's App., 99 Pa. 195; Conlyn v. Parker, 113 Pa. 29; Campbell's App., 118 Pa. 128; Kincade v. Cunningham, 118 Pa. 501; Supplee v. Halfmann, 161 Pa. 33; Lauer v. Ketner, 162 Pa. 265; Trader v. Lawrence, 182 Pa. 233; Langfeld v. Lyon, 132 Pa. 441; Kaufman

v. Cooper Iron Mining Co., 105 Pa. 537; McCracken v. First
Reformed Presb. Congregation, 111 Pa. 106; Hiestand v. Williamson, 128 Pa. 122; Willard v. Reed, 132 Pa. 5; Com. v.
Snyder, 1 Pa. Superior Ct. 286; Close v. Hancock, 3 Pa. Superior Ct. 207.

OPINION BY MR. CHIEF JUSTICE GREEN, July 11, 1900:

While there are some facts in the case No. 245, January term,
1899, now pending in this court, in which an opinion has just
been filed, which are not in the present case, the substance of
the contention raised upon the affidavits of defense in the two
cases, is practically the same. In the opinion just filed we
have indicated at some length the reason why we think the affidavits in that case were sufficient to take it to the jury, and
the same reasons in substance are applicable to the present controversy. We sustain the assignments of error and reverse
the order to make absolute the rule for judgment.

Judgment reversed and procedendo awarded.